UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WALTER RHODAS GEORGETOWN #127548    CIVIL ACTION NO. 17-cv-1061

VERSUS    JUDGE FOOTE

JERRY GOODWIN, ET AL    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Walter Georgetown ("Plaintiff") is a self-represented inmate housed at the David Wade Correctional Center. He complains in this civil action that he has not received proper medical care or been allowed a correct duty status. His complaint names as defendants several prison officials and medical staff members. He also names as a defendant Dr. Tammy Jones, a state-employed physician at the LSU Health Science Center in Monroe who provided Plaintiff with outpatient services.

Before the court is Dr. Jones' Motion to Stay (Doc. 57) in which she contends that some of the claims against her sound in medical malpractice and must be first exhausted through a medical review panel process. She asks that the court stay this entire civil action until such claims are exhausted, after which all claims may proceed. For the reasons that follow, it is recommended that the motion to stay be denied and that, instead, the court decline to exercise supplemental jurisdiction over any medical malpractice or other state law claims against Dr. Jones.

**Relevant Allegations**

Plaintiff alleges that he arrived at David Wade in 2016. He alleges that he suffers from HIV, Hepatitis C, neuropathy, constant back pain, knee pain, and related problems. He complains that David Wade employees, including Dr. Pamela Hearn and Nurse Michelle Norris, took away his duty status that recognized his limited abilities to perform labor and were deliberately indifferent to his need for medical care for his health conditions.

The original complaint listed Dr. Tammy Jones in the list of defendants but did not mention her again until the prayer for relief. Plaintiff asked in the prayer that he be transferred to another prison and spared from retaliation for filing this action. He alleged that "medical officials here is also in coerce with Doctor Tammy Jones over at the LSU out patient clinic." He added: "Doctor Tammy Jones over at the LSU chronic clinic will in fact enjoin and participate with David Wade Medical Departments both decision and request. It's obvious she will not by no means be in my best interest."

Plaintiff later responded to questions from the court about the details of his medical care. Doc. 17. He stated that Dr. Jones told him that he had a very serious problem with his left knee and "wrote me out a medical duty status requesting that I be placed on light duty limited walking." He added that Jones told him that he was "a good candidate for Hepatitis C treatment," and she wanted to run some labs and draw up paperwork to begin that treatment. Plaintiff alleged that Dr. Jones told him this in January 2018 but, as of February 2018, nothing had been done. He also alleged that Dr. Jones "diagnosed me with

arthritis in which I've been having along with serious nerve problem in the spine of my back."

**Analysis**

Dr. Jones states in her motion that Plaintiff makes claims against her under both 42 USC § 1983 and state law negligence/malpractice. Medical malpractice claims against the state or its employees, other than claims subject to administrative review in a correctional facility, must be reviewed by a state medical review panel. La. R.S. 40:1237.2(A). No action against an employee covered by the statute may be commenced before the medical review process is completed. § 1237.2(B). The medical malpractice claims of prisoners relating to health care rendered in a correctional facility must be submitted to correctional administrative review procedures established for administrative hearings in the correctional environment. § 1237.1(E)(1).

Dr. Jones represents that Plaintiff has not presented a complaint to initiate a medical review panel as would be appropriate for claims of medical malpractice rendered by a physician outside a correctional facility. She also represents that Plaintiff did not present his malpractice claims against her in his administrative grievance or other process filed within the correctional facility. Dr. Jones contends that any medical malpractice or negligence claims must go through one of those review proceedings prior to any court proceedings. She asks that the court stay this civil action and close it, to be reopened and the stay lifted following the issuance of a medical review panel decision or, alternatively, completion of the administrative review process.

This civil action was filed in 2017 and, because of delays in obtaining service, is almost two years old and has seen almost no progress on the merits.  A stay to allow exhaustion of a potential state-law medical malpractice claim—that the Plaintiff may not have even intended to assert—would unduly delay this civil action and the resolution of the civil rights claims against Jones and several other defendants that are at its heart.

Prisoners who present medical-care claims to this court are ordinarily focused on making out claims under 42 USC § 1983 for constitutional violations.  They almost never attempt to assert a state-law claim of medical malpractice, which by itself does not rise to the level of a constitutional violation. A constitutional violation requires deliberate indifference to a serious medical need.  "[M]ere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice." Delaughter v. Woodall, 909 F.3d 130, 136 (5th Cir. 2018).

This court has original jurisdiction over Plaintiff's § 1983 claims.  28 USC § 1331. It has supplemental jurisdiction over all other claims that are so related to claims within its original jurisdiction that they form part of the same case or controversy.  28 USC § 1367(a). Any state-law malpractice claim would fall within the court's supplemental jurisdiction. A district court may decline to exercise supplemental jurisdiction over a state-law claim if it raises a novel or complex issue of state law, substantially predominates over the claims over which the court has original jurisdiction, the federal law claims have been dismissed, or in exceptional circumstances where there are other compelling reasons for declining jurisdiction.  § 1367(c).

To the extent Plaintiff intended to assert a state-law claim of medical malpractice against Dr. Jones, the court should decline to exercise supplemental jurisdiction over it. The interjection of the claim presents somewhat complicated issues regarding how and where the prisoner plaintiff must exhaust his administrative remedies with respect to an outpatient clinic physician who rendered care to an incarcerated prisoner. Such a claim could also predominate over the federal claims in that medical malpractice claims often require expert evidence, assessment of the appropriate standard of care, and other detailed examinations of medical care. On the other hand, a constitutional claim requires only an assessment of whether there was a deliberate indifference to a serious medical need, a routine assessment often made by federal courts. Finally, there are exceptional circumstances that compel declining jurisdiction over any medical malpractice claim that Plaintiff might be asserting. It is not in the best interest of Plaintiff, the court, or the other defendants to delay this already old case to allow the exhaustion of a medical malpractice claim that Plaintiff may not have even contemplated.

The best exercise of the court's discretion in these circumstances is to deny the request for a stay and, instead, decline to exercise supplemental jurisdiction over any medical malpractice, negligence, or other state law claims against Dr. Tammy Jones. If Plaintiff did intend to assert medical malpractice claims against Dr. Jones, § 1367(d) tolls the state limitations period and permits him time to initiate any administrative or legal action that may be required to pursue such claims in the state system. See Artis v. District of Columbia, 138 S.Ct. 594 (2018). Any federal claims against Dr. Jones will remain pending in this court.

Accordingly,

It is recommended that the **Motion to Stay (Doc. 57)** be **denied** and that, instead, all medical malpractice, negligence or other state law claims against Dr. Tammy Jones be dismissed without prejudice pursuant to 28 USC § 1367(c).

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of July, 2019.



Mark L. Hornsby
U.S. Magistrate Judge